IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ERIC WORTHEN, ET AL.,

Defendants.

Case No. 17-cr-00175-CRB-1

**ORDER DENYING MOTION TO DISMISS**

United States District Court
Northern District of California

Defendants Len and Lance Turner ("Defendants") move to dismiss Count Eight of the Indictment, which charges them with defrauding the government in violation of 18 U.S.C. § 371. See MTD (dkt. 113). Defendants argue that, in alleging a bid-rigging scheme in which Defendants agreed to submit a phony bid in order to artificially ensure that another individual's bid prevailed, Count Eight fails to allege elements satisfying the common law definition of "defraud." Id.; Indictment (dkt. 1) ¶¶ 42–47. Defendants contend that common law fraud requires "some material false statement by which the defendant seeks to obtain property from the victim." MTD at 4. And they assert that Count Eight fails to allege either a false statement or the obtaining of property. Id. at 4–5.

Defendants' argument fails because the government is not limited to the common law definition of fraud. Section 371 provides that "[i]f two or more persons conspire . . . to defraud the United States, or any agency thereof in any manner or for any purpose, and one of more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. § 371.

United States District Court
Northern District of California

The Supreme Court has explained that "To conspire to defraud the United States means primarily to cheat the government out of property or money, but it also means to interfere with or obstruct one of its lawful government functions by deceit, craft or trickery, or at least by means that are dishonest." See Hammerschmidt et al. v. United States, 265 U.S. 182, 188 (1924) (emphasis added). The Court continued: "It is not necessary that the government shall be subjected to property loss by the fraud, but only that its legitimate official action and purpose shall be defeated by misrepresentation, chicane, or the overreaching of those charged with carrying out the governmental intention." Id.[1]

The Ninth Circuit, too, has commented that while the language of section 371 "seems to cover only defrauding in the normal sense of the word—acquiring another's property by intentional misrepresentations—the word 'defraud' has been read much more broadly." See United States v. Caldwell, 989 F.2d 1056, 1058 (9th Cir. 1993), overruled on other grounds by Neder v. United States, 527 U.S. 1, 8–9 (1999); see also United States v. Tuohey, 867 F.2d 534, 536 (9th Cir. 1989) (noting that Supreme Court reiterated in Dennis v. United States, 384 U.S. 855, 861 (1966), that "conspiracy to defraud the United States is not limited to common-law fraud, but reaches 'any conspiracy for the purpose of impairing, obstructing or defeating the lawful function of any department of Government.'"). Relying on Hammerschmidt, the Caldwell court instructed that "[t]o convict someone under 18 U.S.C. § 371 the government need only show (1) he entered into an agreement (2) to obstruct a lawful function of the government (3) by deceitful or dishonest means and (4) at least one overt act in furtherance of the conspiracy." Id. at 1059 (citing Hammerschmidt, 265 U.S. at 188; United States v. Boone, 951 F.2d 1526, 1543 (9th Cir. 1991)). This remains the law of the circuit. See, e.g., United States v. Conti, 804 F.3d 977, 979–80 (9th Cir. 2015) (citing Caldwell); United States v. Rodman,

---

[1] Defendants criticize the government here for not reciting the passage immediately after this quotation, see Reply (dkt. 119) at 9; Opp'n (dkt. 116) at 18, but that passage only reiterates the requirement of "dishonest methods or schemes," see Hammerschmidt, 265 U.S. at 188. The Court cautioned that "mere open defiance of the governmental purpose to enforce a law" is insufficient to violate section 371. Id. at 189.

776 F.3d 638, 642 (9th Cir. 2015) (same). It is also part of the Ninth Circuit Model Jury Instructions on section 371. See 9th Cir. Model Jury Instr. 8.21; see also 9th Cir. Model Jury Instr. 8.21, Comment (citing Caldwell).

Defendants' argument that "[a]s some courts have started to recognize, there is absolutely no theory of statutory interpretation that justifies expanding § 371 to cover conspiracies to interfere with a government function," see Reply at 10 (citing United States v. Coplan, 703 F.3d 46, 61–62 (2d Cir. 2012)[2]), asks this Court to reject binding precedent, which it will not do. Defendants' final argument that "[s]ubmitting a high bid for a construction contract is not an act of deception," see id., asks this Court to reject common sense, which it also will not do. The Indictment alleges that Defendants agreed to submit "a fraudulent and non-competitive bid" to perform a renovation for the DOE "in an amount dictated by Individual A that was higher than the bid Individual A represented he submitted," in order to ensure that Individual A's bid would prevail. Indictment ¶46. The Indictment further alleges that in so doing, Defendants intended "to impair, obstruct, and defeat the lawful function of the DOE in awarding construction contracts through a fair, honest, and competitive process." Id. ¶ 44. This is sufficient to state a claim under section 371. See Caldwell, 989 F.2d at 1059.

Accordingly, the Motion to Dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: April 13, 2018

_____
CHARLES R. BREYER
United States District Judge

---

[2] The Coplan court, which was critical of the Hammerschmidt construction of section 371, nonetheless recognized that "it is now well established that § 371 'is not confined to fraud as that term has been defined in the common law' but reaches 'any conspiracy for the purpose of impairing, obstructing or defeating the lawful function of any department of Government.'" Id. at 61 (quoting Dennis, 384 U.S. at 861). The Second Circuit stated that the defendants' criticism of that construction is "properly directed to a higher authority." Id. at 62.