ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

KIMBERLY HOPKINS (MABN 668608)
ANDREW F. DAWSON (CABN 264421)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Kimberly.Hopkins@usdoj.gov
    Andrew.Dawson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.: CR 17-0175 CRB |
| Plaintiff, | PRETRIAL CONFERENCE STATEMENT |
| v. | Pre-Trial Conf.: July 30, 2018 |
| LEN TURNER and LANCE TURNER, | Time: 2:00pm<br>Court: Hon. Charles R. Breyer |
| Defendants. | |

The United States of America, by and through its counsel of record, Kimberly Hopkins and Andrew F. Dawson, Assistant United States Attorneys, hereby submits the following Pretrial Conference Statement in accordance with Criminal Local Rule 17.1-1(b).

**A.     Overview of the Case**

On April 6, 2017, a grand jury returned an indictment charging eight people with a variety of crimes. As relevant to the upcoming trial, Len Turner, Lance Turner, and Taj Reid were charged in Count Eight with one count of conspiracy to defraud the United States violation of 18 U.S.C. § 371.

Reid, having proceeded to trial on other counts and been convicted, has pleaded guilty to Count Eight. Lance Turner and Len Turner have pleaded not guilty.

### B. Disclosure and contemplated use of statements or reports of witnesses under the Jencks Act, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2 (Crim. L.R. 17.1-1(b)(1))

The government has to-date complied with the Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2.  If any new information is obtained and identified, or determined to be subject to disclosure, it will be provided promptly to the defense.

### C. Disclosure and contemplated use of Grand Jury testimony of witnesses intended to be called at the trial (Crim. L.R. 17.1-1(b)(2))

The government has already produced a transcript of Grand Jury testimony given by a witness whom the government intends to call during its case-in-chief.

### D. Disclosure of exculpatory or other evidence favorable to the defendant on the issue of guilt or punishment (Crim. L.R. 17.1-1(b)(3))

Starting with the earliest production of discovery in this case, the government has produced any exculpatory material in its possession pursuant to its duties and obligations under *Brady v. Maryland*, 373 U.S. 83 (1967).  The government understands its continuing duty to disclose any such material promptly to the defendants, and it will continue to do so as any additional materials it acquires, or of which it becomes aware, during trial preparation and trial.

### E. Stipulation of facts which may be deemed proved at the trial without further proof by either party and limitation of witnesses (Crim. L.R. 17.1-1(b)(4)

The parties have not identified any stipulations of fact to be provided to the jury.

### F. Appointment by the Court of interpreters under Fed. R. Crim. P. 28 (Crim. L.R. 17.1-1(b)(5))

The government is not aware of any need for an interpreter at the upcoming trial.  The defendants speak English, as do the individuals listed on the government's witness list.

### G. Dismissal of counts/elimination of issues (Crim. L.R. 17.1-1(b)(6))

There are no counts to dismiss or issues to eliminate.

### H. Joinder pursuant to Fed. R. Crim. P. 13 or the severance of trial as to any co-defendant (Crim. L.R. 17.1-1(b)(7))

The matters having been previously adjudicated, there are no remaining issues of joinder or severance.

**I.     Identification of informers, use of lineup or other identification evidence and evidence of prior convictions of defendant or any witness, etc. (Crim. L.R. 17.1-1(b)(8))**

This case does not involve use of lineup or similar eyewitness identification evidence. The defense is aware that one individual on the government's witness list was convicted of a felony as a result of the indictment returned in this case. Defendants have sought to exclude that individual's testimony and have indicated that, in the event the witness testifies, the defense will not seek to impeach that witness with his prior conviction. Finally, the defense is aware of the true identity of the government's confidential human source.

**J.     Pretrial exchange of lists of witnesses intended to be called in person or by deposition to testify at trial, except those who may be called only for impeachment or rebuttal (Crim. L.R. 17.1-1(b)(9))**

The government has filed a copy of its witness list.

**K.     Pretrial exchange of documents, exhibits, summaries, schedules, models or diagrams intended to be offered or used at trial, except materials that may be used only for impeachment or rebuttal (Crim. L.R. 17.1-1(b)(10))**

The government has filed a copy of its exhibit list.

**L.     Pretrial resolution of objections to exhibits or testimony to be offered at trial (Crim. L.R. 17.1-1(b)(11))**

Motions *in limine* have been filed to address objections to expected exhibits and testimony.

**M.     Preparation of trial briefs on controverted points of law likely to arise at trial (Crim. L.R. 17.1-1(b)(12))**

Apart from the evidentiary issues raised in the motions *in limine*, the parties are currently unaware of any controverted points of law likely to arise at trial.

**N.     Scheduling of the trial and of witnesses (Crim. L.R. 17.1-1(b)(13))**

The government anticipates that the trial, including jury selection but excluding jury deliberations, will take approximately four to five trial days.

**O.     Jury voir dire (Crim. L.R. 17.1-1(b)(14))**

The parties have filed a joint submission regarding voir dire.

//

//

//

**P.     Any other matter which may tend to promote a fair and expeditious trial. (Crim. L.R. 17.1-1(b)(15))**

The government is unaware of any such matter.

Respectfully submitted,

ALEX G. TSE
Acting United States Attorney

Dated: July 23, 2018                                     /s/
                                                 KIMBERLY HOPKINS
                                                 ANDREW F. DAWSON
                                                 Assistant United States Attorneys