RIORDAN & HORGAN
Dennis P. Riordan (State Bar No. 69320)
Dennis@riordan-horgan.com
Donald M. Horgan (State Bar No. 121547)
Don@riordan-horgan.com
523 Octavia Street
San Francisco, CA 94102
Telephone: (415) 431-3472

Attorneys for Defendant
LEN TURNER

BOERSCH SHAPIRO LLP
Martha Boersch (State Bar No. 126569)
Mboersch@boerschshapiro.com
Lara Kollios (State Bar No. 235395)
Lkollios@boerschshapiro.com
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Telephone: (415) 500-6640

Attorneys for Defendant
LANCE TURNER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC WORTHEN, et al.,<br><br>Defendants. | Case No. CR-17-0175-CRB<br><br>**RESPONSE TO GOVERNMENT'S PRETRIAL CONFERENCE STATEMENT** |

Defendants Len and Lance Turner file this Response to the government's "Pretrial Conference Statement," filed on Monday, July 23rd, and do so specifically to take issue with section M, which reads: "Apart from the evidentiary issues raised in the motions *in limine*, the parties are currently unaware of any controverted points of law likely to arise at trial."

There are a number of instructional disputes between the parties, but defendants assume that the Court will reserve judgment on most of those until the close of the evidence. One exception to that assumption concerns pre-instruction on the defense of entrapment, which the government has raised in a motion in limine to which defendants have responded, presenting the issue for decision at the pretrial conference. There is, however, another issue of fundamental importance as to which the parties are clearly in conflict that must be resolved prior to voir dire in this matter.

The defendants submit that in order to respond to the Court's queries as to whether they can fairly decide this case, prospective jurors need to be informed prior to jury selection of the allegations defining the fraud charge in Count Eight. They have proposed a "Statement of the Case" that does just that. The government opposes informing jurors of those allegations in the "Statement of the Case." Furthermore, as revealed in the parties' exchanges concerning jury instructions, the government seeks to block the jury from ever learning the specific mental state elements of the fraud offense with which the Turners are charged.

The government's Proposed Statement of the Case reads as follows:

> This is a criminal prosecution brought by the United States government against Len Turner and Lance Turner. In this case, the government alleges one criminal conspiracy.
> The government alleges that Len Turner and Lance Turner conspired with Taj Reid to defraud the United States Department of Energy by submitting a bid under false pretenses regarding a Department of Energy building contract.
> The government has the burden of proving this charge beyond a reasonable doubt with the evidence that will be introduced during the trial.

The defendants' Proposed Statement of the Case reads as follows:

> This is a criminal prosecution brought by the United States government against two defendants, Len Turner and Lance Turner. In the single count charged against each of the defendants, the government alleges that in 2013 Len Turner and Lance Turner engaged in a conspiracy to defraud the United States Department of Energy by submitting a false bid on a building renovation at the Lawrence Berkeley National Laboratory (LBNL). *The government alleges that each defendant did so knowing that the bid was not a genuine bid and knowing that it was for the sole purpose of artificially ensuring* that a supposed bid by William Myles, a paid

**Response to Government's**
**Pretrial Conference Statement**
**Case No. CR 17-0175 CRB**                       2

> FBI undercover operative, *was the lowest bid on the project. The government further alleges that by doing so, the defendants intended to undermine the federal government's fair and competitive bidding process.*
> This is the only charge in the case. Each defendant denies the charge, and the government has the burden of proving the charge beyond a reasonable doubt against each defendant with the evidence that will be introduced during the trial.

In forwarding their proposed statement to the government, counsel for the defendants stated: "[W]e believe that voir dire and exercising challenges will be better informed for both sides if the statement is expanded to include more language from the indictment on the nature of the charge." The defendants' proposed statement does not contain any argumentative language concerning issues in dispute. The italicized language concerning the specific mental state elements underlying the alleged conspiracy is taken directly from paragraph 46 of the indictment. In that same paragraph, William Myles is identified as "Individual A", the party who is supposed to be submitting the lowest bid. The government agrees, and the evidence will show, that at the time of the alleged events in 2013, Myles was (and remains) a paid FBI undercover operative.

The government's objection to the "Statement of the Case" is substantive rather than procedural, i.e., the government has made clear that it intends to object to the jury ever being informed of the specific nature of the charged conspiracy. That became clear in the exchanges between the parties concerning jury instructions defining the charged offense. After reviewing the government's initial proposed instructions, defense counsel sent the government the following email:

> A question. Your proposed instruction on the charge contains the following language:
>
> First, beginning no later than September 9, 2013, and ending on or about December 31, 2013, there was an agreement between two or more persons to defraud the United States by obstructing the lawful functions of Department of Energy *by deceitful or dishonest means as charged in the indictment;*
>
> Does the government contemplate that the language in Count Eight describing the intent and purpose of the alleged "deceitful or dishonest meaning as charged in the indictment" will be read to the jury and, if so, at what juncture in the trial?

**Response to Government's**
**Pretrial Conference Statement**
**Case No. CR 17-0175 CRB**            3

The government responded:

> How about if we remove the phrase "as charged in the indictment" ?

The defense replied:

> Our position is that the jury must be instructed on the precise allegations in Count Eight, particularly as to specific intent, because that is what the government must prove; to do otherwise risks a constructive amendment of the indictment under *Stirone.*

The government replied that "I think we are at an impasse on the issue," and then submitted an instruction on the nature of the offense that omitted any reference to the purpose and intent of the defendants' act of submitting a bid as alleged in paragraph 46.

The crime with which the defendants are charged allegedly involved knowledge that their bid "was not a genuine bid;" that "its sole purpose [was to] artificially ensur[e]" that Myles' bid "was the lowest bid" on the project; and was undertaken with the "inten[t] to undermine the federal government's fair and competitive bidding process.." The government's opposition to instructing the jury on these specific mental state elements of the charged crime necessarily reflects a desire to avoid being limited in evidence and argument to the specific theory of fraud upon which the defendants were indicted.

Having indicted the defendants on that precise theory of knowledge, intent and purpose, however, the government must prove it. To gain a conviction on any other theory of fraud would result in an unconstitutional constructive amendment of the indictment. *Stirone v. United States*, 361 U.S. 212, 217 (1960) (The defendant has a constitutional right "to be tried only on charges presented in an indictment returned by a grand jury.")  A district court "may not substantially amend the indictment through its instructions to the jury." *United States v. Shipsey* , 190 F.3d 1081, 1086 (9th Cir. 1999); *see also United States v. Tsinhnahijinnie*, 112 F.3d 988, 992 (9th Cir. 1997) ("A person is entitled under the Fifth Amendment not to be held to answer for a felony except on the basis of facts which satisfied a grand jury that he should be charged.").

//

//

**Response to Government's**
**Pretrial Conference Statement**
**Case No. CR 17-0175 CRB**                        4

Prospective jurors should be informed at the outset of jury selection of the contents of paragraph 46 of the indictment, and the petit jury should be so instructed at the close of the evidence.

Dated: July 24, 2018              Respectfully submitted,

                                  RIORDAN & HORGAN

                                  */s/Dennis P. Riordan*
                                  Dennis P. Riordan
                                  Attorneys for Len Turner

                                  BOERSCH SHAPIRO LLP

                                  */s/Martha Boersch*
                                  Martha Boersch
                                  Attorneys for Lance Turner