ALEX G. TSE (CABN 152348)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

KIMBERLY HOPKINS (MABN 668608)
ANDREW F. DAWSON (CABN 264421)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    kimberly.hopkins@usdoj.gov
    andrew.dawson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.: CR 17-0175 CRB |
| Plaintiff, | UNITED STATES'S SUPPLEMENTAL BRIEF REGARDING ENTRAPMENT |
| v. | |
| LEN TURNER and LANCE TURNER, | Trial: August 20, 2018<br>Time: 12:00 p.m. |
| Defendants. | Court: Hon. Charles R. Breyer |

UNITED STATES'S SUPPLEMENTAL BRIEF REGARDING ENTRAPMENT
CR 17-0175 CRB

## I. INTRODUCTION

The parties' respective positions regarding the availability of an entrapment defense in this case have been made clear in the course of pre-trial briefing. The government maintains that the evidence will not justify instructing the jury on entrapment, primarily because the Defendants Len Turner and Lance Turner were invited into the criminal scheme by their co-defendant, Taj Reid, rather than by a government agent. Because they joined the scheme prior to any government agent even having the *opportunity* to induce them, and because the Ninth Circuit does not recognize so-called "private" entrapment as a defense, the entrapment defense does not apply to this case.

The government files this supplemental brief to expand upon a dispute that arose during the pre-trial conference regarding whether a defendant's hope for a financial windfall is sufficient to show "inducement" for purposes of the entrapment defense. The government provided the Court with a citation to *United States v. Spentz*, 653 F.3d 815 (9th Cir. 2011), during the pre-trial conference, and it submits this brief to address both the applicable case law and its impact on the proposed jury instructions. In short, an entrapment instruction should not be given, but if it is, the Ninth Circuit has endorsed a supplemental instruction to ensure that defendants in the Turners' position cannot claim to have been entrapped solely by the prospect of financial gain. Furthermore, in the event the Court chooses to give an entrapment instruction, the instruction should be modified to make clear that a private party, such as Taj Reid, cannot entrap another defendant.

## II. ANALYSIS

### A. The prospect of financial gain is a "prototypical criminal motivation" and does not show "inducement" for purposes of an entrapment defense.

As explained at length in the parties' *in limine* filings, the Ninth Circuit has long held that a defendant seeking an entrapment instruction must present some evidence of an atypical motivation to commit the crime in order to show inducement. As explained in *United States v. Poehlman*, "[a]n 'inducement' consists of an 'opportunity' *plus* something else—typically, excessive pressure by the government upon the defendant or the government's taking advantage of an *alternative, non-criminal type of motive*." 217 F.3d 692 (9th Cir. 2000) (second emphasis added).

The Ninth Circuit has held that the required "something else" must be more than the prospect of

the financial gain from the crime. In *United States v. Spentz*, 653 F.3d 815 (9th Cir. 2011), the Ninth Circuit considered a defendant's request for an entrapment instruction in a robbery case. As in this case, the government had conducted a sting operation and defendants argued that "the offer of a potentially large reward—approximately $2.5 million worth of cocaine—for relatively minor risk, is sufficient to fulfill the 'something else' prong of inducement." *Id.* at 819. The Ninth Circuit rejected the argument for the following reasons:

> Defendants' argument fails because the potentially large reward they claim serves as the "something else" was the product of the crime they agreed to commit. The drugs and money they would recover from the robbery were not an alternative, non-criminal motivation; *they were the prototypical criminal motivation for robbery*.

*Id.* (emphasis added). The Ninth Circuit went on to explain that the entrapment defense "is meant to prevent the government from convincing someone who will not be persuaded by criminal motivations to commit a crime," and that "[w]hen the motivation presented by the government is the typical benefit from engaging in the proposed criminal act, there is no reason to be concerned that an innocent person is being entrapped." *Id.*; *see also Sherman v. United States*, 356 U.S. 369, 372 ("To determine whether entrapment has been established, a line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal.").

While defendants' entrapment theory is something of a moving target, its most recent iteration indicates that defendants intend to argue that they were induced to commit the crime by the promise of downstream financial benefit. In sum, defendants appear to argue that because they intended to make money with the CHS in the course of the proposed criminal scheme, they were therefore induced to commit the crime. But binding precedent forecloses such a defense. As noted above, the Ninth Circuit has held that inducement requires a showing of "something else" in addition to the typical benefits of a criminal scheme. Just as the robbery in *Spentz* attracted the defendants because of the reward of $2.5 million of cocaine, the bid-rigging scheme here promised the defendants the financial gain of their work on the Building 84 project. In neither case have the defendants shown the required "something else" in addition to a prototypical criminal motivation.

**B.     If the jury is instructed on entrapment, it should be given a *Spentz* instruction.**

The Ninth Circuit's model jury instructions reflect that when a case raises a *Spentz* issue but

there is adequate independent evidence to justify the entrapment instruction, the model entrapment instruction should be modified to include the following language:

> It is not entrapment if a person is tempted into committing a crime solely on the hope of obtaining ill-gotten gain; that is often the motive to commit a crime.  However, in deciding whether a law enforcement officer induced the defendant to commit the crime, the jury may consider all of the factors that shed light on how the officers supposedly persuaded or pressure the defendant to commit the crime.

*United States v. Cortes*, 732 F.3d 1078, 1087 (9th Cir. 2014).  While the government does not anticipate that adequate evidence of non-financial inducement will be introduced a trial, in the event the Court disagrees, the instruction should at a minimum be modified as suggested by the Ninth Circuit in order to account for the holding in *Spentz*.

### C. If the jury is instructed on entrapment, it should be instructed that only a government agent can entrap a defendant.

As explained in the government's motion *in limine*, the defendants' entrapment defense fails because they were invited into the scheme by their co-defendant Taj Reid.  By the time the CHS met with Len and Lance Turner on September 16, 2013, they had already agreed to join the scheme.  In the government's view, this chronology precludes an entrapment instruction.  However, if the Court ultimately disagrees and chooses to instruct the jury on entrapment, the instruction should be modified to ensure that the jury does not attribute Taj Reid's actions to the government for purposes of entrapment.

For decades, the Ninth Circuit has held that "[o]nly a government official or agent can entrap a defendant," and that entrapment "does not apply when one criminal simply convinces another to join him in criminal enterprise." *United States v. Thickstun*, 110 F.3d 1394 (9th Cir. 1997); *see also United States v. Emmert*, 829 F.2d 805, 806 (9th Cir. 1987).  The government therefore proposes that, in the event an entrapment instruction is given, the following language be included in the instruction:

> Only a government agent can entrap a defendant.  Entrapment does not apply when one criminal convinces another to join him in a criminal enterprise.

Such language is supported by *Thickstun* and *Emmert*, as discussed briefly above and at more length in the government's *in limine* briefing on entrapment.

### III. Conclusion

For the reasons stated above, the Court should decline to instruct the jury on entrapment.  But if

UNITED STATES'S SUPPLEMENTAL BRIEF REGARDING ENTRAPMENT
CR 17-0175 CRB                                3

1  the Court chooses to give such an instruction, it should be modified as proposed above.

DATED: August 14, 2018                           Respectfully submitted,

                                                 ALEX G. TSE
                                                 United States Attorney

                                                        /s/
                                                 KIMBERLY HOPKINS
                                                 ANDREW F. DAWSON
                                                 Assistant United States Attorneys

UNITED STATES'S SUPPLEMENTAL BRIEF REGARDING ENTRAPMENT
CR 17-0175 CRB                               4