PROMETHEUS PARTNERS LLP
EDUARDO G. ROY (SBN 146316)
eduardo.roy@prometheus-law.com
The Mills Tower
220 Montgomery Street, Suite 1094
San Francisco, CA 94104
Telephone:    415.527.0255

Attorney for Defendant
CLIFTON BURCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC WORTHEN, TAJ ARMON REID, a/k/a TAJ REID, DERF BUTLER, ANTON KALAFATI, CLIFTON BURCH, PETER MCKEAN, LEN TURNER, and LANCE TURNER,<br><br>Defendants. | Case No.  3:17-cr-00175 CRB<br><br>**DEFENDANT CLIFTON BURCH'S MOTIONS IN LIMINE**<br><br>Date:  Sept. 18, 2018<br>Time:  2:00 p.m.<br>Judge: Hon. Charles Breyer<br>Dept.: Courtroom 6. 17th Floor |

## MOTION IN LIMINE #1 – PRECLUSION OF OTHER-ACT EVIDENCE

Federal Rule of Evidence 404(b) allows the admission at trial of other-act evidence only if the government provides adequate notice to the defense. Fed. R. Evid. 404(b). The rule requires the government to affirmatively articulate its intention to introduce other-act evidence, including "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, the general nature" of any "other acts" evidence it intends to introduce at trial. *United States v. Vega*, 188 F.3d 1150, 1152-53 (9th Cir. 1999) (*quoting* Fed. R. Evid. 404(b)); *see also Mayans*, 17 F.3d at 1183 (explaining that, without adequate disclosure by the prosecution, the trial court cannot "make the focused determination of relevance mandated" by Rule 404(b)).

Failure to provide adequate notice, or obtain an excuse from the district court, "renders the other acts evidence inadmissible, whether the evidence is used in the prosecution's case-in-chief or for impeachment." *Vega*, 188 F.3d at 1153. The notice requirement also applies to evidence that might be offered "for possible rebuttal." *Id*. at 1154.

To date, the Government has not given notice of intent to introduce any specific 404(b) evidence. Consequently, the Government should be precluded from introducing any other-act evidence.

## RELIEF REQUESTED

Based on the matters set forth above, Burch therefore asks for the following specific relief from the Court:

1. An Order generally precluding the Government from arguing, mentioning, eliciting testimony regarding, or attempting to elicit testimony regarding "other-act" evidence that has not been identified or disclosed by the Government.

## MOTION IN LIMINE #2 – PRECLUSION OF EVIDENCE REGARDING OTHER COUNTS

To be admissible at trial, evidence must be relevant and more probative than prejudicial. Fed. R. Evid., Rules 401-403.

Here, in its multi-count Indictment (ECF No. 1) against eight Defendants, the Government alleges three separate conspiracies involving three different groups of defendants. There is no allegation of a common purpose or a common course of conduct.

Defendant Burch is named only in Count 4. In that count, the Government alleges Defendants Burch, Derf Butler, Anton Kalafati and Peter McKean conspired to defraud the United States in a bid-rigging scheme. Specifically, the Government alleges that, beginning July 2013, these defendants conspired to assist a Government informant in obtaining a contract for renovation of Building 84 at Lawrence Berkeley National Laboratory.

In Counts 1, 2 and 3, the Government alleges Defendants Taj Reid and Eric Worthen engaged in a bribery scheme. Specifically, the Government alleges that Worthen—employed with the California Department of Veterans Affairs—solicited and received bribes in return for inside information related to bidding on two government construction projects at the Veterans Home in West Los Angeles. The Government alleges that Defendant Taj Reid was an associate and co-conspirator of Worthen.

In Count 8, the Government alleges Defendants Taj Reid, Len Turner, and Lance Turner conspired to defraud the United States in a bid-rigging scheme similar to the scheme alleged in Count 4 and concerning renovation of the same building at Lawrence Berkeley National Laboratory. Although the conspiracies allegedly shared the same ostensible purpose—i.e., to help the Government informant obtain a contract to renovate Building 84—there is no overlap between the defendants or overt acts. Government does not allege that the Defendants in the different counts were aware of one another or acted in concert. Instead, the Government alleges two separate sting operations.

Finally, in Counts 5 through 7, the Government alleges Defendants Butler and Kalafati made false statements to Government investigators regarding their involvement in the alleged conspiracy.

None of these other counts (or the evidence underlying them) are probative of the charges against Burch. The truth or falsity of the allegations in the other charges do not tend to prove or disprove any of the allegations or charges against Burch. Moreover, evidence of unrelated criminal

conduct by others would tend to prejudice Burch by making it seem as if he were in a larger criminal enterprise than actually alleged, raising the specter of guilt by association.

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  And "[w]here the probative value is slight, moderate prejudice is unacceptable." *Ramirez-Robles*, 386 F.3d at 1243.

Here, the probative value (if any) of evidence on other counts is outweighed by the risk of prejudice, and (because they are completely unrelated allegations) the danger of wasting time and creating undue delay.

### RELIEF REQUESTED

Based on the matters set forth above, Burch therefore asks for the following specific relief from the Court:

1. An Order generally precluding the Government from arguing, mentioning, eliciting testimony regarding, or attempting to elicit testimony regarding Counts in the Indictment other than Count 4.

## MOTION IN LIMINE #3 – PRECLUSION OF OUT-OF-COURT STATEMENTS BY OTHERS PRIOR TO JULY 30, 2013

Hearsay is inadmissible unless the Government proves an exception to the hearsay rules. One such exception is the coconspirator exception of Fed. R. Evid. 801(d)(2)(E). To establish this exception, the Government must demonstrate by a preponderance of evidence: (1) the existence of the conspiracy, (2) that the statement was made in furtherance of the conspiracy, and (3) that both the declarant and the party against whom the statement was offered were participants in the conspiracy at the time of the statement. *See* Fed. R. Evid. 801(d)(2)(E).

These foundational requirements are governed by the independent evidence rule. In order to establish the foundational prerequisites, the proponent may rely on the contested statements themselves, but the statements "are not alone sufficient to establish" the prerequisites. Fed. R. Evid. 801(d)(2)(E). Thus, the proponent of the statement must present evidence independent of the proffered statement to show, *inter alia*, the existence of the conspiracy and the declarants and the defendant's involvement at the time the proffered statement was made. *United States v. Tamez*, 941 F.2d 770, 775 (9th Cir. 1991); *United States v. Gordon*, 844 F.2d 1397, 1402 (9th Cir.1988).

With respect to Burch, the Government alleges that he became part of a conspiracy on July 30, 2013. ECF 1 at p. 12, ¶ 35.d. Thus, that is the earliest date upon which the co-conspirator exception to the hearsay rule could be invoked as the basis for the admission of an out-of-court statement introduced for the truth of what that statement asserts. All such statements made prior to that date by alleged co-conspirators must be excluded from evidence under Rules 801 and 802.

## RELIEF REQUESTED

Based on the matters set forth above, Burch therefore asks for the following specific relief from the Court:

1. An Order generally precluding the Government from asking questions or eliciting testimony regarding out-of-court statements by alleged co-conspirators prior to July 30, 2013.

## MOTION IN LIMINE #4 – PRECLUSION OF "ENGINEER'S ESTIMATE"

Defendants Len and Lance Turner were indicted on charges based on a Government sting operation functionally the same as the operation giving rise to the charges against Burch. That is, the Government put out word that it was soliciting bids for renovation of Building 84 at Lawrence Berkeley National Laboratory. In reality, there was no planned renovation. The Government was seeking bids on a project that didn't exist.

During the trial of Len and Lance Turner, the Government and its witnesses made repeated reference to a purported "engineer's estimate" for the cost to complete the non-existent renovation.

Testimony Federal Rule of Evidence 702 requires that testimony concerning scientific, technical, or other specialized knowledge must be offered by a qualified witness, on sufficient facts or data, who applied reliable principles and methods, and that such principles or methods were properly applied to the facts of the case. During the Turner trial, the Government never offered an expert witness to establish the validity of the so-called "engineer's estimate." The Government never put on any evidence to show that the purported "engineer's estimate" was a figure arrived at by an engineer, or—assuming that it was—that it was based on reliable principles or methods, or that it was based on the same scope of work communicated to Burch or his alleged co-conspirators. The figure functionally appeared out of thin air. Without foundational testimony, evidence regarding estimated cost to complete the fictional renovation should not have come into evidence. *See* Fed. R. Evid., Rules 701 & 702.

Because the Government employed essentially the same sting operation against Burch as it did against the Turners, Burch anticipates that the Government will similarly try to reference the same non-existent "engineer's estimate" at Burch's trial without offering evidence to support to validity (or even the existence) of an actual estimate. Unless the Government supports the "engineer's estimate" with qualified expert testimony, it should be precluded from offering evidence or argument about the purported estimate.

Moreover, Burch anticipates that the Government would be unable to produce such supporting evidence at trial. Burch's counsel has made repeated pretrial requests for documents related to the purported estimate, first by Brady letter dated April 20, 2017, and most recently in a renewed request by

letter dated May 10, 2018. A true and correct copy of the second letter is attached hereto as Exhibit A. In response, the Government has not produced any documents concerning the bidding process for Building 84 or the purported "engineer's estimate."

The manner in which the Government elicited testimony about an "engineer's estimate" during the Turner trial also mandates exclusion under the hearsay rule. The Government elicited testimony from a contracting officer rather than an engineer who prepared any estimate. In other words, she was describing the content of out-of-court statements by an unknown person or persons. To the extent that the government offers such testimony about the "engineer's estimate" to prove the truth of the matter asserted—i.e., the anticipated cost to renovate Building 84—it should be excluded as hearsay. Fed. R. Evid., Rules 801 & 802.

Finally, evidence or argument regarding the purported estimate would be highly prejudicial and it should be excluded under Rule 403. Specifically, the Government alleges that Burch submitted a "fraudulent and noncompetitive" bid that was "not genuine." ECF 1 p. 11 ¶ 34. Reference to an "engineer's estimate" that is not supported by evidence creates a significant risk that the trier of fact would view the made-up figure as a reasonable estimate of the cost to complete the renovation of Building 84 if such a renovation were actually contemplated. The trier of fact could easily be led to believe that—in comparison with the made-up engineer's estimate—the bid offered by Burch must have been fraudulent an noncompetitive. The Government's reference to a baseless "engineer's estimate" would improperly invite the trier of fact to decide the case based on a misleading impression rather than admissible evidence.

**RELIEF REQUESTED**

Based on the matters set forth above, Burch therefore asks for the following specific relief from the Court:

1. An Order generally precluding the Government from asking questions or eliciting testimony regarding the purported "engineer's estimate" for the cost to renovate Building 84;

2. An Order prohibiting the Government from arguing that any bid submitted was false, fraudulent or unreasonable through comparison with the purported "engineer's estimate."

# MOTION IN LIMINE #5 – PRE-TRIAL PRODUCITON OR PRECLUSION OF TRANSCRIPTS

Rule of Criminal Procedure 16(a)(1)(E) provides that "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy . . . papers, documents, data . . . within the government's possession, custody, or control," if "the item is material to preparing the defense," if the government expects to offer it in evidence, or if it was taken from or belongs to the defendant.

Defendant Burch hereby requests that the Government produce copies to defense counsel—and that the Court order production—of all transcripts of audio/video recordings which the Government intends to offer at trial such that Burch can review the transcripts for accuracy.   (emphasis

## RELIEF REQUESTED

Based on the matters set forth above, Burch therefore asks for the following specific relief from the Court:

1. An Order requiring the Government to produce transcripts of audio/video recordings which the Government intends to offer at trial at least one week prior to commencement of trial; and

2. Precluding the instruction and use of all transcripts produced in accordance with the Order.

Dated:  August 30, 2018                                  Respectfully submitted,


                                                          By: /s/ Eduardo G. Roy
                                                          EDUARDO G. ROY
                                                          Attorney for Defendant
                                                          CLIFTON BURCH

# EXHIBIT A

22. All information regarding the January 30, 2014, meeting that took place between Butler, Kalafati, Burch and McKean to discuss the LBNL Building 84 contract. For example, where the meeting took place, how much was spent to put on the meeting and when the meeting took place.

23. All FBI Special Agent and investigating officer notes and memorandum of interviews and investigative memoranda.

24. All subjects of the investigation.

25. All targets of the investigation.

26. How the subjects of the investigation were identified.

27. How the targets of the investigation were identified.

28. All Grand Jury Subpoenas issued in connection with Criminal Indictment CR17-0175.

29. The Prosecution Memo for Criminal Indictment CR17-0175.

30. The FBI-Criminal Investigation Grand Jury request pertaining to criminal indictment CR17-0175.

31. The Grand Jury transcript pertaining to CR17-0175.

32. All Agent reports that support or led to Criminal Indictment CR17-0175.

33. All FBI internal memoranda and documents relating to all Meetings pertaining to Criminal Indictment CR17-0175.

34. Any discussions, plea offers, or draft correspondence regarding offers of immunity, non-prosecution memos, Agent notes or statements in reference to: (a) Eric Worthen; (b) Taj Armon Reid; (c) Derf Butler; (d) Anton Kalafati; (e) Peter McKean; (f) Len Turner; or, Lance Turner.

35. Any discovery, prosecution memo's, plea offers, or draft correspondence regarding offers of immunity, non-prosecution memos, Agent notes or statements which identify how many times: (a) Eric Worthen; (b) Taj Armon Reid; (c) Derf Butler; (d) Anton Kalafati; (e) Peter McKean; (f) Len Turner; or, Lance Turner met with agents or AUSA's to discuss cooperation deals.

36. All agent files pertaining to Criminal Indictment CR17-0175.

B. **General Discovery Requested**

I. Items covered by Federal Rule of Criminal Procedure 16(a)(1)(A), (B), (C) and (E), including, but not limited to:

1. FBI Special Agent's and Investigating Officer's files pertaining to Criminal Indictment CR-17-0175.

2. All oral, written, or recorded statements or testimony made by Mr. Burch, which are in the possession, custody, or control of the Government, or which could become known by the exercise of due diligence.

3. All transcripts of recorded statements made by Mr. Burch.

4. Any statement made by Mr. Burch to any law enforcement officer, government agent, informant, or other third party. This request includes any statement by Mr. Burch subsequently incorporated into any report, memorandum, transcript or other document prepared by any of the above-listed individuals. This request also includes any statement by Mr. Burch which is repeated or reported in any subsequent oral, written or recorded statement.

5. A copy of (or reasonable opportunity to inspect and copy) any books, papers, documents, photographs, or tangible objects obtained from or belonging to Mr. Burch.

6. A copy of (or reasonable opportunity to inspect and copy) any books, papers, documents, photographs, or tangible objects which will be used in the Government's case in chief. This includes not only documents that will be marked and offered into evidence, but also documents or tangible objects that will be referred to in any way by any witness called by the Government during its case in chief. <u>We request that any documents or tangible objects in this category be specifically identified from among any other records that may be produced, in order to enable the defense to prepare effectively for trial and to move to suppress any evidence the Government intends to use in its case in chief.</u>

7. A copy of (or reasonable opportunity to inspect and copy) any books, papers, documents, photographs, or tangible objects which are material to the preparation of Mr. Burch's case at trial or at sentencing.

**Mr. Burch does not request discovery under Federal Rule of Criminal Procedure 16(a)(1) (D, (previously provided)), (F) or (G).**

II. Mr. Burch also requests disclosure of any evidence in the Government's possession, or which comes to the attention of the Government, which would be favorable to Mr. Burch on the issues of guilt or sentencing pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny. This evidence includes the following:

1. Information which would tend to attenuate, exculpate, exonerate, or mitigate this defendant's involvement in the circumstances alleged in the Indictment.

2. Any information affecting the credibility of any Government witnesses, including prior criminal records, inconsistent statements, "deals" or immunity agreements with any state or federal governmental personnel, and any benefits of any kind the witness may receive in return for cooperation. Specifically, any non-prosecution offers or sentencing departure offers made by the Government on behalf of Mr. Worthen, Mr. Reid or Mr. Butler.

3. Any and all statements made by Federal Agents or other government employees which communicated to: Worthen, Reid or Butler that they were not targets or subjects to the investigation and that nothing the witnesses communicated to the Federal Agents would be used against the witnesses in any future prosecution decision.

4. Any and all statements made by Federal Agents or other government employees which communicated to person(s) in the course of this investigation that they were not targets or subjects to the investigation and that nothing the witness(es) communicated to the Federal Agents would be used against the witness(es) in any future prosecution decision.

5. Any information from whatever source which may benefit Mr. Burch under the Federal Sentencing Guidelines, including deductions in base offense level, reductions in specific offense

characteristics, reductions in role in the offense, disputing relevant conduct, reducing criminal history, etc.

II. In accordance with Crim. L. R. 16-1, I am requesting the following:

(a) In accordance with Crim. L. R. 16-1, I am requesting a meeting within 14 days of Thursday, April 20, 2017, the date of delivery of this letter.

(b) **Supplemental Disclosure.** In addition to the information required by Fed. R. Crim. P. 16, identified above, I am seeking the following:

(1) **Electronic Surveillance.** Any and all warrants obtained for the use of electronic surveillance;

(2) **Informers.** A statement of the government's intent to use as a witness an informant, i.e., a person who has or will receive some benefit from assisting the government;

(3) **Evidence of Other Crimes, Wrongs or Acts.** A summary of any evidence of other crimes, wrongs or acts which the government intends to offer under F. R. Evid. 404(b), and which is supported by documentary evidence or witness statements in sufficient detail that the Court may rule on the admissibility of the proffered evidence; and

(4) **Co-conspirator's Statements.** A summary of any statement the government intends to offer under F. R. Evid. 801(d)(2)(E) in sufficient detail that the Court may rule on the admissibility of the statement.

III. Mr. Burch also requests pursuant to Rule 12(d)(2) of the Federal Rules of Criminal Procedure, notice of the Government's intention to use any evidence obtained as a result of a search, seizure, electronic intercept, video or statement by Mr. Burch. Notice whether an electronic or video intercept was used is requested as well.

IV. Finally, Mr. Burch requests disclosure of the general nature of any similar act evidence that the Government intends to introduce in any way at trial pursuant to Rule 404(b) of the Federal Rules of Evidence, concerning any individual, including Mr. Burch.

Very truly yours,

Prometheus Partners LLP (US)

Eduardo G. Roy



PROMETHEUS PARTNERS L.L.P.
THE MILLS TOWER
220 MONTGOMERY STREET
SUITE 1094
SAN FRANCISCO, CA 94104

FROM THE DESK OF EDUARDO G. ROY
FOUNDING PARTNER
415.527.0255
EDUARDO.ROY@PROMETHEUS-LAW.COM

May 10, 2018
**BY FEDEX AND ELECTRONIC MAIL**

Susan Badger
Assistant U.S. Attorney
U.S. Attorney's Office
450 Golden Gate Ave, 11th Floor
San Francisco, CA

Re:   *United States v. Clifton Burch; Case No. CR17 0175*

Dear Susan:

Thank you for the discovery which you have provided up to this point. It has been extremely helpful in evaluating Mr. Burch's indictment. In fact, the discovery has been substantial, and I concede that it has taken the Government a substantial amount of time to collect all of the discovery that has been provided. Unfortunately, the discovery provided omits "Specific Discovery Requested" in my April 20, 2017 Rule 16 discovery request.

As explained in my April 20, 2017 letter, I cannot properly advise Mr. Burch or prepare for trial without receiving "Specific Discovery Requested" in my April 2017 discovery letter. Consequently, in accordance with Fed. R. Crim. P. 16 (a)(1)(A), (B), (C) and (E) and Local Rule 16-1, please accept this letter as my second request for discovery of those specific and general items listed below and not provided by the government in any of its previous discovery productions.

A. **Specific Discovery Requested**

1. All bids submitted to the Department of Energy ("DOE") identified in criminal indictment CR17-0175, for the contract to renovate LBNL Building 84.

2. All bids submitted to the Department of Energy ("DOE") for the contract to renovate LBNL Building 84. This includes all the bids that are not part of the criminal indictment. Specifically, all true bids that were submitted for the contract to renovate LBNL Building 84 that were not part of the criminal conspiracy.

3. All building plans, documents, designs, drawings, blue prints, plans, Request for Proposals (RFP's) and advertisements to renovate LBNL Building 84.

4. All contracts, designs, estimates to renovate LBNL Building 84 including those that were not part of the criminal indictment.

5. The identities of all persons who were involved in the bid estimates for the renovation of LBNL Building 84.

6. The identities of all persons who were involved in the engineer's estimate for the renovation of LBNL Building 84.

7. The identities of all persons who came up with the bid number $5.6M for the renovation of LBNL Building 84 as quoted by "Individual A" to Clifton Burch on July 30, 2013.

8. The identity of the persons or group that had the winning bid for renovation of LBNL Building 84.

9. The identities of all persons who were involved in the bid estimates for the renovation of LBNL Building 84 known to the government.

10. The methodology used by the estimators for the bid estimates for the renovation of LBNL Building 84 as quoted by "Individual A" to Clifton Burch on July 30, 2013.

11. All Federal Express information identified in the criminal indictment where it is alleged that Burch mailed a letter via Federal Express to the DOE contracting officer at the US DOE Berkeley Site Office quoting a bid for Empire Engineering & Construction, Inc. to perform the renovation of LBNL Building 84 for $7,125,000.

B. **General Discovery Requested**

**Mr. Burch does not request discovery under Federal Rule of Criminal Procedure 16(a)(1) (D, (previously provided)), (F) or (G).**

I. Mr. Burch also requests disclosure of any evidence in the Government's possession, or which comes to the attention of the Government, which would be favorable to Mr. Burch on the issues of guilt or sentencing pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. This evidence includes the following:

1. Information which would tend to attenuate, exculpate, exonerate, or mitigate this defendant's involvement in the circumstances alleged in the Indictment. Specifically, we are seeking:

    a. All bids submitted to the Department of Energy ("DOE") for the contract to renovate LBNL Building 84. This includes all the bids that are not part of the criminal indictment. Specifically, if true bids were submitted for the contract to renovate LBNL Building 84 that were not part of the criminal conspiracy.

    b. All building plans, documents, designs, drawings, blue prints, plans, Request for Proposals (RFP's) and advertisements to renovate LBNL Building 84.

    c. All contracts, designs, estimates to renovate LBNL Building 84 including those that were not part of the criminal indictment.

    d. The identities of all persons who were involved in the bid estimates for the renovation of LBNL Building 84 as quoted by "Individual A" to Clifton Burch on July 30, 2013.

    e. The methodology used by the estimators for the bid estimates for the renovation of LBNL Building 84 as quoted by "Individual A" to Clifton Burch on July 30, 2013.

  f. The identities of all persons who were involved in the engineer's estimate for the renovation of LBNL Building 84.

  g. The identity of the persons or group that had the winning bid for renovation of LBNL Building 84.

  h. The identities of all persons who came up with the bid number $5.6M for the renovation of LBNL Building 84 as quoted by "Individual A" to Clifton Burch on July 30, 2013

I. In accordance with Crim. L. R. 16-1, I am requesting the following:

 (a) In accordance with Crim. L. R. 16-1, I am requesting a meeting within 14 days of Thursday, May 11, 2018, the date of delivery of this letter by overnight Federal Express delivery.

 (b) **Supplemental Disclosure.** In addition to the information required by Fed. R. Crim. P. 16, identified above, I am seeking the following:

  (1) **Informers.** A statement of the government's intent to use as a witness an informant, i.e., a person who has or will receive some benefit from assisting the government;

  (2) **Evidence of Other Crimes, Wrongs or Acts.** A summary of any evidence of other crimes, wrongs or acts which the government intends to offer under F. R. Evid. 404(b), and which is supported by documentary evidence or witness statements in sufficient detail that the Court may rule on the admissibility of the proffered evidence;

  (3) Co-conspirator's Statements. A summary of any statement the government intends to offer under F. R. Evid. 801(d)(2)(E) in sufficient detail that the Court may rule on the admissibility of the statement; and,

  (4) A transcription of all tapes the government proposes to use at trial.

II. Finally, Mr. Burch requests disclosure of the general nature of any similar act evidence that the Government intends to introduce in any way at trial pursuant to Rule 404(b) of the Federal Rules of Evidence, concerning any individual, including Mr. Burch.

Very truly yours,

**Prometheus Partners LLP (US)**


Eduardo G. Roy