IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  17-cr-00175-CRB-1 |
| Plaintiff, | |
| v. | **JURY INSTRUCTIONS** |
| LEN TURNER AND LANCE TURNER, | |
| Defendants. | |

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1

## DEFENDANT'S DECISION NOT TO TESTIFY

2

3        A defendant in a criminal case has a constitutional right not to testify.  In arriving at your

4    verdict, the law prohibits you from considering in any manner that Lance Turner did not testify.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEFENDANT'S DECISION TO TESTIFY

2

3        Len Turner has testified.  You should treat this testimony just as you would the testimony

4    of any other witness.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## REASONABLE DOUBT—DEFINED

3

4       Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is

guilty. It is not required that the government prove guilt beyond all possible doubt.

5

6       A reasonable doubt is a doubt based upon reason and common sense and is not based

7   purely on speculation. It may arise from a careful and impartial consideration of all the evidence,

8   or from lack of evidence.

9

10       If after a careful and impartial consideration of all the evidence, you are not convinced

11   beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not

12   guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are

13   convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the

14   defendant guilty.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

**CHARGE AGAINST DEFENDANT**

**NOT EVIDENCE—PRESUMPTION OF**

**INNOCENCE—BURDEN OF PROOF**

The indictment is not evidence.  The defendant has pleaded not guilty to the charge.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charge beyond a reasonable doubt.

United States District Court
Northern District of California

6

# WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness;

(2)    the exhibits received in evidence; and

(3)    any facts to which the parties have agreed.

United States District Court
Northern District of California

# WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1

## ACTIVITIES NOT CHARGED

2

3          You are here only to determine whether the defendants are guilty or not guilty of the

4    charge in the indictment.  The defendants are not on trial for any conduct or offense not charged in

5    the indictment.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SEPARATE CONSIDERATION OF SINGLE COUNT—MULTIPLE DEFENDANTS**

A separate crime is charged against each defendant.  The charges have been joined for trial.  You must consider and decide the case of each defendant separately.  Your verdict as to one defendant should not control your verdict as to any other defendant.

All the instructions apply to each defendant unless a specific instruction states that it applies to only a specific defendant.

1

2

**STATEMENTS BY DEFENDANT**

3

4

5

6

You have heard testimony that Len Turner made a statement to law enforcement.  It is for you to decide (1) whether Len Turner made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which Len Turner may have made it.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES**

You have heard testimony from William Myles/William Joseph, a witness who received compensation from the government in connection with this case.

For this reason, in evaluating the testimony of William Myles/William Joseph, you should consider the extent to which or whether his testimony may have been influenced by this factor. In addition, you should examine the testimony of William Myles/William Joseph with greater caution than that of other witnesses.

1

**GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS**

2

3          You have heard testimony from an undercover agent who was involved in the

4    government's investigation in this case.  Law enforcement officials may engage in stealth and

5    deception, such as the use of informants and undercover agents, in order to investigate criminal

6    activities.  Undercover agents may use false names and appearances and assume the roles of

7    members in criminal organizations.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# MERE PRESENCE

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of conspiracy to defraud the United States. The defendant must be a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

United States District Court
Northern District of California

16

# CONSPIRACY TO DEFRAUD THE UNITED STATES

## (18 U.S.C. § 371 "Defraud Clause")

Len Turner, Lance Turner, and Taj Reid, are charged with conspiring to defraud the United States by obstructing the lawful functions of the United States Department of Energy by deceitful or dishonest means in violation of Section 371 of Title 18 of the United States Code.

In order for the defendants Len Turner and/or Lance Turner to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than September 9, 2013, and ending on or about December 31, 2013, there was an agreement between two or more persons to defraud the United States by obstructing the lawful functions of Department of Energy by deceitful or dishonest means;

Second, the defendants became members of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

An agreement to defraud is an agreement to deceive or to cheat.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person

1    does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully

2    joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who

3    has no knowledge of a conspiracy, but happens to act in a way which furthers some object or

4    purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not

5    become a conspirator merely by associating with one or more persons who are conspirators, nor

6    merely by knowing that a conspiracy exists.

7         An overt act does not itself have to be unlawful. A lawful act may be an element of a

8    conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not

9    required to prove that the defendant personally did one of the overt acts.

United States District Court
Northern District of California

**SPECIAL INSTRUCTION RE PARTIES TO CONSPIRACY**

Each of the defendants in this matter has been charged with conspiracy to defraud the United States Department of Energy. A defendant who conspires only with a government agent cannot be convicted of this offense. Therefore, in order to convict either defendant in this matter, you must find beyond a reasonable doubt that he engaged in the charged conspiracy with at least one person other than government agent William Myles/William Joseph.

**ENTRAPMENT**

Len Turner and Lance Turner contend that they were entrapped by a government agent. The government has the burden of proving beyond a reasonable doubt that the defendant was not entrapped. The government must prove either:

1. the defendant was predisposed to commit the crime before any inducements were presented by government agents, or

2. the defendant was not induced by the government agents to commit the crime.

When a person, independent of and before any inducements are presented by a government agent, is predisposed to commit the crime, it is not entrapment if government agents merely provide an opportunity to commit the crime.

In determining whether the defendant was predisposed to commit the crime, you may consider the following:

1. whether the defendant demonstrated reluctance to commit the offense;

2. the defendant's character and reputation;

3. whether government agents initially suggested the criminal activity;

4. whether the defendant engaged in the criminal activity for profit; and

5. the nature of the government's inducement or persuasion.

In determining whether the defendant was induced by government agents to commit the offense, you may consider any government conduct creating a substantial risk that an otherwise innocent person would commit an offense, including persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship. Only a government agent can entrap a defendant. Entrapment does not apply when one criminal convinces another to join him in a criminal enterprise.

It is not entrapment if a defendant was tempted into committing a crime solely on the hope of obtaining the gain from the Building 84 project. That kind of gain is often the motive to commit a crime. However, in deciding whether a law enforcement officer induced a defendant to commit the crime, the jury may consider all of the factors that shed light on how the officer supposedly persuaded or pressured the defendant to commit the crime.

**DEFENDANTS' THEORY OF THE CASE INSTRUCTION**

Len Turner and Lance Turner contend that (1) their $6.150 submission was genuine and submitted for the purpose of obtaining the LBNL contract for the Turner Group, and (2) the Turner Group's $6.150M submission was made with no intent to defraud and no intent to undermine the Department of Energy's fair and competitive bidding process.

United States District Court
Northern District of California

1

2

**STING OPERATIONS**

3        In your deliberations, the propriety of the government's decision to conduct a sting

4   operation cannot be considered by you.  The manner in which the sting operation was conducted,

5   however, can be considered by you, along with all of the evidence on the subject of entrapment.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

# DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender[, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community].

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

1

2

## USE OF NOTES

3      Some of you have taken notes during the trial.  Whether or not you took notes, you should

4   rely on your own memory of what was said.  Notes are only to assist your memory.  You should

5   not be overly influenced by your notes or those of your fellow jurors.

United States District Court
Northern District of California

# JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

# VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

1

2

## COMMUNICATION WITH COURT

3    If it becomes necessary during your deliberations to communicate with me, you may send

4  a note through the clerk, signed by any one or more of you.  No member of the jury should ever

5  attempt to communicate with me except by a signed writing, and I will respond to the jury

6  concerning the case only in writing or here in open court.  If you send out a question, I will consult

7  with the lawyers before answering it, which may take some time.  You may continue your

8  deliberations while waiting for the answer to any question.  Remember that you are not to tell

9  anyone—including me—how the jury stands, numerically or otherwise, on any question

10  submitted to you, including the question of the guilt of the defendant, until after you have reached

11  a unanimous verdict or have been discharged.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California